# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER LIVINGSTON, KIRSTEN BAIN, TAVI BURROUGHS, KENIA CHAVEZ, CHRISTINA GUARINO, KATHARINE LAZZARA, JESSICA MAPLES, SHANNON MARKEY, DONNA GRIFFIN[1], JAMIE SNEVELY, LISETTE VENEGAS, and MARY YOUNGREN, | ) ) ) ) ) ) ) ) | |
| | ) | No. 16 C 10156 |
| Plaintiffs, | ) ) | Judge Sara L. Ellis |
| v. | ) ) | |
| CITY OF CHICAGO, a municipal corporation, | ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiffs Jennifer Livingston, Kirsten Bain, Tavi Burroughs, Kenia Chavez, Christina Guarino, Katharine Lazzara, Jessica Maples, Shannon Markey, Donna Griffin, Jamie Snevely, Lisette Venegas, and Mary Youngren filed this suit against Defendant City of Chicago (the "City"), alleging it discriminated against women who were paramedic candidates within the Chicago Fire Department ("CFD") in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Plaintiffs now seek leave to amend their complaint to add 1) an equal protection claim under 42 U.S.C. § 1983; 2) a sex discrimination claim under the Illinois Civil Rights Act of 2003 ("ICRA"), 740 Ill. Comp. Stat. 23/5; 3) additional claims belonging to Griffin under the Illinois Human Rights Act, 775 Ill. Comp. Stat. 5/1-101 *et seq.*, Title VII, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101 *et seq.*; and 4) factual allegations that the City discriminated against women through its hiring preference for veterans. Because

---

[1] Donna Griffin was formerly Donna Ruch. The Court orders the Clerk to update the case caption accordingly.

Plaintiffs' additional claims under § 1983 and ICRA do not fundamentally alter the complaint, Plaintiffs may file a first amended complaint to add these theories of liability. But because Griffin's additional claims and the allegations regarding the veteran's preference are either unnecessary or depend on new factual allegations, Plaintiffs may not include these claims or allegations in their first amended complaint.

## BACKGROUND

Plaintiffs are all licensed paramedics who matriculated to the CFD's Training Academy ("Academy") as candidate Fire Paramedics. Between 2014 and 2016, the CFD fired or suspended Plaintiffs after they each failed certain physical tests. Plaintiffs filed their original complaint in October 2016, alleging the City discriminated against female paramedic candidates by principally relying on two physical tests—the "Lifting and Moving Sequence" and the "Step Test"—that were not job related and operated as a barrier to employment for women. Doc. 1 ¶ 30. The complaint alleges that "the City's discrimination against women in the CFD is stubborn and purposeful," and "reflects a deep-seated hostility" toward women in the CFD. *Id.* ¶ 6. The complaint alleges that this hostility manifests itself in a number of other contexts, including: 1) the City's failure to properly accommodate nursing mothers; 2) the City's failure to provide adequate bathrooms, locker facilities, and sleeping quarters; 3) episodes of verbal and physical harassment and intimidation; and 4) sexually discriminatory treatment by the CFD's Medical Division.

From January 2017 until June 2018, the parties participated in settlement discussions that led to an agreement for several of the Plaintiffs, including Griffin, to be reinstated to the Academy ("2019 Hiring Opportunity"). As part of the agreed term sheet, Griffin had to undergo an examination by the CFD Medical Division to determine her medical fitness for rehire. If the

2

Medical Division cleared Griffin for rehire, she would be reinstated as part of a class beginning no later than April 30, 2019. If Griffin disputed the Medical Division's conclusion, the agreement provided that Griffin could complete an Independent Medical Evaluation ("IME") performed by a physician of her choice from a roster of physicians at the University of Illinois at Chicago.

In March 2019, Dr. William Wong, CFD's medical director, indicated that he would not clear Griffin for re-instatement because she used alprazolam and trazadone. The Medical Division advised Griffin that it would refer her to a third-party physician for a further evaluation. Griffin objected and asked the Court to order an immediate referral for an IME. In April, the Court ordered Griffin's immediate reinstatement to the Academy, conditioned on successful clearance by the IME. The parties agreed that the IME would be "binding" upon the parties, and that "if she is not medically cleared, she will revert back to the status that she has today [April 5]." Doc. 133 at 11:19–21, 16:15–25. The IME concluded that Griffin was "not fit for duty." Doc. 134. The parties appeared before the Court on May 10 and agreed that Griffin was not eligible to enter the Academy at that time but suggested she could seek re-instatement with a future class beginning in June. That June, the City informed Griffin that she was "ineligible for rehire" because she failed to clear her medical evaluation. Doc. 163-1 at 2–3.

**LEGAL STANDARD**

Rule 15(a)(2) provides that amendments to the pleadings are allowed "only with the opposing party's written consent or the court's leave," with the Court instructed to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This is a liberal standard that the Supreme Court has held "to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life*

*Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357–58 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). The standard for supplemental pleadings under Rule 15(d), regarding "events that happened after the date of the pleading to be supplemented," is largely the same. Fed. R. Civ. P. 15(d); *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996). The Court must consider "whether granting leave to file the supplemental pleading will 'promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the parties to the action.'" *Rundle v. Vill. of Round Lake Beach*, No. 99 C 5253, 2001 WL 1414532, at *14 (N.D. Ill. Nov. 13, 2001) (citing 6A Arthur Miller, Mary Kane, and Benjamin Spencer, Federal Practice & Procedure § 1504 (2d ed. 1990)).

## ANALYSIS

### I. Section 1983 and ICRA Claims

Plaintiffs seek to add new theories of recovery under § 1983 and ICRA based on the same factual allegations laid out in the original complaint. Plaintiffs argue this is because § 1983 and ICRA do not carry a statutory cap on economic damages as Title VII does. The City opposes the amendment on the grounds of undue delay. But undue delay, without more, is ordinarily not enough to deny leave to amend. *See George v. Kraft Foods Glob., Inc.*, 641 F.3d 786, 791 (7th Cir. 2011) ("Plaintiffs point out that delay alone is not a reason to deny a proposed amendment, and that delay must be coupled with some other reason, such as prejudice to the defendants."). Here, it is difficult to see how the additional claims would prejudice the City. Plaintiffs are not required to plead legal theories. *See Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11, 135 S. Ct. 346, 190 L. Ed. 2d 309 (2014) ("[N]o heightened pleading rule requires plaintiffs seeking damages for violations of constitutional rights to invoke § 1983 expressly in order to state a

claim."). The addition of legal theories based on the same alleged injury "do[es] not fundamentally change the complaint, and cannot be considered an unfair 'surprise' to a defendant." *Shefts v. Petrakis*, 954 F. Supp. 2d 769, 789 (C.D. Ill. 2013). As such, Plaintiffs may amend their complaint to include their proposed § 1983 and ICRA claims.

**II.     Griffin's IHRA, Title VII, and ADA Claims**

Plaintiffs seek to add claims of sex discrimination and retaliation under the IHRA and Title VII, and disability discrimination under the ADA, that solely belong to Griffin stemming from the failed 2019 Hiring Opportunity. Specifically, Griffin alleges that the City discriminated against her when it refused to reinstate her in April 2019 and then designated her as ineligible for rehire because of her alprazolam and trazadone use even though the CFD regularly allows men to use the same medication.

In contrast to Plaintiffs' collective Title VII and ICRA claims that merely set out new theories of liability, Griffin's additional claims are based on new factual allegations that warrant a separate lawsuit. *See* Miller, Kane, and Spencer, *supra*, § 1510 (courts have denied leave to amend where new claims in "supplemental pleading bore little or no relationship to the original pleading"). The new allegations only concern Griffin and her claims stem from events that occurred in 2019, approximately three years after the central allegations of the original complaint. Her claims also involve different substantive questions of whether the City discriminated against her in retaliation for engaging in protected activity or because of her actual or perceived disability. Additionally, Griffin has already filed a separate lawsuit asserting her IHRA, Title VII, and ADA claims, *see Griffin v. City of Chicago*, No. 19 CV 8135, and seeks to have her new lawsuit reassigned to this Court if she cannot join her claims to this case. Thus, if the Court denies Plaintiffs' request to add Griffin's claims to this suit, there is little prejudice to

5

Griffin because she may still pursue her claims. *See Almy v. Bannister*, No. 3:13-cv-00645-MMD-VPC, 2015 WL 3938558, at *2 (D. Nev. June 26, 2015) ("[D]enial of Plaintiff's request for leave to amend would not unduly prejudice Plaintiff since he may initiate a separate action to assert new claims against the additional proposed defendants.").

Two of the City's objections also weigh in favor of denying the amendment. First, the City argues that Griffin's claims "misrepresent the parameters of Ms. Griffin's medical evaluation reflected in the written record" on April 1, 2019. Doc. 172 at 9–10. It is unclear what exactly those parameters were. The term sheet that the parties agreed to does not explicitly disclaim further legal action for a cause of action that might arise out of the 2019 Hiring Opportunity. But it is unclear what the parties meant when they agreed that the IME was binding upon the parties.[2] The City states that, if the amendment is allowed, it intends to move to dismiss these claims because they arise from failed settlement negotiations wherein both parties agreed to a procedure that led to her dismissal from the CFD. Given the uncertainty surrounding these claims, it is cleaner and easier to deal with these arguments in a separate lawsuit rather than further complicating and delaying the resolution of this case, particularly since these claims only pertain to Griffin.

---

[2] Plaintiffs describe the 2019 Hiring Opportunity as nothing more than an effort to limit the City's liability because Plaintiffs have a duty to mitigate their damages. *Graefenhain v. Pabst Brewing Co.*, 870 F.2d 1198, 1202 (7th Cir. 1989) ("[A] discharged employee must mitigate damages by using 'reasonable diligence in finding other *suitable employment*.'" (citing *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231, 102 S. Ct. 3057, 73 L. Ed. 2d 721 (1982))). Thus, Plaintiffs argue the facts surrounding the 2019 Hiring Opportunity will be litigated in this case regardless of whether the Court allows an amended complaint because they are relevant to determining Griffin's claim for lost wages. But a cursory review of the caselaw suggests it is highly unlikely that the City can point to the 2019 Hiring Opportunity as a defense against lost wages. The opportunity for re-hiring must be "unconditional" to cut off a claim for back pay. *Ford Motor Co.*, 458 U.S. at 232. The offer here was conditioned on Griffin obtaining medical clearance. *See Orzel v. City of Wauwatosa Fire Dep't*, 697 F.2d 743, 757 (7th Cir. 1983) (offer of reinstatement "expressly conditioned upon [plaintiff's] taking and passing a physical exam" was a conditional offer). This does not seem like "a concrete offer of reinstatement" necessary to toll back pay. *Ernst v. City of Chicago*, No. 08 C 4370, 2018 WL 6725866, at *12 (N.D. Ill. Dec. 21, 2018) (citation omitted).

Finally, the City objects that the additional claims threaten to derail the progress the parties have already made regarding discovery. Plaintiffs respond that discovery is unlikely to end anytime soon and that the additional burden on the City would be modest. But that does not necessarily warrant further delaying the process. This case is entering its fifth year of litigation, and "there comes a time when a five-year-old lawsuit needs to get put to bed." *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 741, 743 (7th Cir. 1985) (affirming district court's denial of leave to amend complaint to add allegations regarding conduct occurring after the filing of the complaint). Plaintiffs do not have an "absolute right" to file supplemental charges and the Court "has substantial discretion either to permit or to deny" a motion to amend under Rule 15(d). *Chicago Reg'l Council of Carpenters v. Vill. of Schaumburg*, 644 F.3d 353, 356 (7th Cir. 2011). The additional discovery, inevitable delay, and new issues regarding the validity of Griffin's claims all warrant denial of leave to amend to add Griffin's IHRA, Title VII, and ADA claims. Griffin may pursue these claims separately, and the Court accepts *Griffin*, No. 19 CV 8135, for reassignment.

### III. Veteran's Preference Policy

Lastly, Plaintiffs seek to add a paragraph alleging that the City relied on a veteran's preference in hiring as a means to further the CFD's discriminatory hiring practice. The City argues this is an entirely new claim regarding a hiring policy that is unrelated to the training policies identified in the original complaint and will therefore require additional discovery. The City also argues the amendment is futile because it falls outside the scope of Plaintiffs' EEOC complaint. Here, however, Plaintiffs seek to add allegations that the veteran's preference was used for discriminatory purposes as additional evidence of the City's "deep-seated hostility" toward women within the CFD, Doc. 1 ¶ 6, rather than to state a new claim. And while the

veteran's preference implicates an entirely different policy from the ones outlined in the complaint, the Court need not decide at this juncture of the proceedings whether these allegations are sufficiently relevant to be admissible at trial. Plaintiffs are not required to set out all of the pertinent facts that support their claims in the complaint. *See Benuzzi v. Bd. of Educ. of City of Chicago*, 647 F.3d 652, 664 (7th Cir. 2011) ("[P]laintiffs in federal court are not required to plead with precision legal theories or detailed facts."); *Alliant Energy Corp. v. Bie*, 277 F.3d 916, 919 (7th Cir. 2002) ("A complaint need only state the nature of the claim; details can wait for later stages[.]"). Indeed, the complaint should *not* allege "all of the evidence needed to prevail at trial." *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) ("[A] requirement that complaints contain all of the evidence needed to prevail at trial, or at least all the facts that would have been required under the pre-1938 system of code pleading, would induce plaintiffs to violate Rule 8(e) ('Each averment of a pleading shall be simple, concise, and direct') by larding their complaints with facts and legal theories."). An amendment adding allegations regarding the veteran's preference is therefore unnecessary. *See In re Fidanovski*, 347 B.R. 343, 348 (Bankr. N.D. Ill. 2006) (denying leave to amend complaint because additional facts were unnecessary). Discovery disputes related to the veteran's preference can be resolved separately before the magistrate judge.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Plaintiffs' motion for leave to file a first amended complaint [163], and the Court denies Plaintiffs' revised motion for leave to add Griffin's IHRA, Title VII, and ADA claims to their first amended complaint [227]. The Court also grants Plaintiffs' motion for reassignment [253]. Plaintiffs may file their

proposed amended complaint, Doc. 163-2, minus the allegations regarding the veteran's preference.

Dated: January 7, 2020

_____
SARA L. ELLIS
United States District Judge