# EXHIBIT 1

| **From:** | Baber, Sukrat A. |
|---|---|
| **Sent:** | Wednesday, April 29, 2020 9:40 AM |
| **To:** | 'Charlie Wysong'; Marni Willenson (marni@willensonlaw.com); Christopher Wilmes |
| **Cc:** | Schaller, Rachel L.; Hawley, Alicia M. |
| **Subject:** | RE: Livingston email search |

Charlie:

Your statement that the City declined to confer further on refinements and that it would instead proceed with AL is false. We specifically stated we were open to exploring refinements and provided several refinement ideas. You refused to provide refinement ideas (if any you had). You will also recall we asked you to send a follow-up email with your refinement ideas (again showing we were open to that discussion), which you have failed to do.

Sukrat

**From:** Charlie Wysong <cwysong@HSPLEGAL.COM>
**Sent:** Tuesday, April 28, 2020 4:34 PM
**To:** Baber, Sukrat A. <SBaber@taftlaw.com>; Marni Willenson (marni@willensonlaw.com) <marni@willensonlaw.com>; Christopher Wilmes <cwilmes@HSPLEGAL.COM>
**Cc:** Schaller, Rachel L. <rschaller@taftlaw.com>; Hawley, Alicia M. <ahawley@taftlaw.com>
**Subject:** RE: Livingston email search

Hello Sukrat,

Your email omits the primary dispute that arose during the meet and confer this morning. Plaintiffs do not agree with the City's new proposal today to unilaterally use Relativity Active Learning with the Livingston email production. The magistrate's order directs the parties to use search terms followed by manual review. That is the process the parties have negotiated over the last year, and how Plaintiffs are prepared to proceed. Starting over from scratch with a new search and review methodology would be a waste of the parties' and court's resources.

In fact, this morning the City declined to further meet and confer about how to narrow the search terms, insisting that it will proceed with an active learning process without seeking court permission to do so. We are and remain ready to discuss how to narrow the keyword searches directed by the court when the City will participate.

We look forward to discussing the next steps with the magistrate tomorrow

Best,

Charlie

**From:** Baber, Sukrat A. <SBaber@taftlaw.com>
**Sent:** Tuesday, April 28, 2020 1:21 PM

**To:** Charlie Wysong <cwysong@HSPLEGAL.COM>; Marni Willenson (marni@willensonlaw.com) <marni@willensonlaw.com>; Christopher Wilmes <cwilmes@HSPLEGAL.COM>
**Cc:** Schaller, Rachel L. <rschaller@taftlaw.com>; Hawley, Alicia M. <ahawley@taftlaw.com>
**Subject:** RE: Livingston email search

Counsel:

In follow-up to our conference this morning, we propose the below two options for next steps on ESI discovery. As discussed, we have attempted to develop refinements but that poses at least two issues. First, there are technical obstacles with Garrett's systems that have made it difficult to use their software to develop refinements. Second, though the City has ideas on how to refine the search/results, as discussed, any refinements will most likely still leave an unduly burdensome data set for human review. Further, although Plaintiffs were seemingly not prepared to discuss proposed refinements to the search on today's call, we continue to welcome any ideas you may have.

Option 1: The parties can omit refinements. The City will proceed with its responsiveness and privilege review.

Option 2: The parties can attempt agreement on refinements including those proposed by the City during our call, and any refinements proposed by Plaintiffs. After refinements are implemented, the City will proceed with its responsiveness and privilege review.

Both options are consistent with Judge Kim's Order since refinements are optional if the parties agree to omit them, and since regardless of the implementation of refinements, the next step will be the City's responsiveness and privilege review. *See* DKT 239, pp 2-3.

Thank you,
Sukrat